IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DJ WARD                                                              PLAINTIFF

VS.                                                          No. 1:21-cv-00104-GHD-DAS

LOWNDES COUNTY, MISSISSIPPI; ET AL                                   DEFENDANTS

<u>ORDER GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL</u>

Presently before the Court is the unopposed motion [38] of the Plaintiff to file two exhibits to his response to the Defendants' motion for judgment on the pleadings [16] under seal. Upon due consideration, the Court finds that the motion is well-taken and shall be granted. The Plaintiff shall file the subject exhibits under seal.

Local Rule 72 provides that "[n]o document may be filed under seal, except upon entry of an order of the court either acting sua sponte or specifically granting a request to seal that document." N. & S.D. Miss L.U. Civ. R. 79. In addition, the Fifth Circuit has provided:

> Courts have recognized that the public has a common law right to inspect and copy judicial records. However, the public's common law right is not absolute. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Thus, the common law merely establishes a presumption of public access to judicial records. Although the common law right of access to judicial records is not absolute, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.

*SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citations omitted).

In this instance, the documents sought to be sealed are exhibits to the Plaintiff's response to the Defendants' motion for judgment on the pleadings. "Generally, where the documents sought

to be sealed are exhibits to a dispositive motion, the weight afforded to the public's common law right of access is necessarily greater." *Cooper v. Meritor, Inc.*, No. 4:16-CV-52-DMB-JMV, 2018 U.S. Dist. LEXIS 64112, at *5 (N.D. Miss. Apr. 17, 2018). Nonetheless, good cause to seal a document "may exist if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information." *Munster Steel Co. v. Crane 1 Servs.*, No. 2:16-CV-345-RL-JEM, 2018 U.S. Dist. LEXIS 49956, at *2-3 (N.D. Ind. Mar. 26, 2018). In this instance, the subject exhibits contain sensitive information that is not available to the general public. The Court therefore agrees that the exhibits should be filed under seal.

THEREFORE, it is hereby ORDERED that the Plaintiff's motion to file documents under seal [38] is GRANTED; the subject exhibits shall be filed under seal on the court's docket, with access limited to the Court, parties, and counsel of record for the parties.

SO ORDERED this the 2 day of May, 2022.

SENIOR U.S. DISTRICT JUDGE